## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FREDRICK WALKER,  #B34246** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **S.A. GODINEZ,** | ) | |
| **CHARLES R. PARNELL,** | ) | **CIVIL NO. 11-726-GPM** |
| **DAVID JOHNSON,** | ) | |
| **S. COLLINS,** | ) | |
| **LORI BERNER,** | ) | |
| **K. COWAN,** | ) | |
| **KRISTAL ALLSUP,** | ) | |
| **SHERRY BENTON,** | ) | |
| **RODGER D. COWAN,** | ) | |
| **JEANETTE COWAN,** | ) | |
| **HASEMEYER,** | ) | |
| **OAKLEY,** | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Fredrick Walker, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

The ensuing is a summary of the facts alleged in the complaint.  When Plaintiff arrived at Menard, the following Defendants informed gang leaders and other inmates that Plaintiff was a snitch and a rapist: Charles Parnell, David T. Johnson, S. Collins, Lori Berner, K. Cowan, Kristal Allsup, Jeanette Cowan, Oakley and Hasemeyer.  As a result, Plaintiff has been beaten several times and suffered cuts and bruises.  Plaintiff then requested protective custody, but Defendant Sherry Benton denied Plaintiff's request.  Defendants wrote Plaintiff a disciplinary report for fighting as

a means to "cover up the fact that he had been denied protective custody[.]" Plaintiff was disciplined and taken to segregation for "defending himself" even though Plaintiff was not the aggressor.

It is against this backdrop of facts that Plaintiff then goes on to assert eight hand-written pages of allegations specific to each Defendant.  The Court is mindful it must construe a *pro se* plaintiff's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

First, Plaintiff states an Eighth Amendment failure to protect claim against two Defendants: Godinez and Benton (Count One).  Both Godinez and Benton knew about the assaults on Plaintiff, but knowingly and intentionally denied Plaintiff's request for protective custody.

Plaintiff, however, fails to state a claim against Defendant Roger Cowan.  Plaintiff states irrelevant facts followed by an abstract recitation that Cowan is "intentionally and knowingly placing Plaintiff in danger of being assaulted."  Courts "should not accept as adequate abstract recitations of the elements . . . ." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Defendant Cowan is dismissed from this case with prejudice.

Next, is Plaintiff's claim that Defendants Parnell, Johnson, Collins, and Berner wrote false information on incident reports.  Plaintiff also asserts that Defendant K. Cowan directed Collins and Berner to write the false information on the incident report.  The false information painted Plaintiff as the aggressor and instigator of fights, rather than a victim of assault.  The falsifying of internal prison documents does not implicate a federal claim.  To the extent Plaintiff asserts a retaliation claim against these Defendants—Plaintiff fails to allege sufficient facts to state a claim for relief plausible on its face  A claim for retaliation requires the retaliation to be done in response to Plaintiff's exercise of a constitutionally protected freedom.  *See McDonald v. Hall*, 610 F.2d 16 (7th Cir. 1979).  These Defendants are dismissed with prejudice.

Third, Plaintiff states Defendant Allsup deliberately lost grievances she received from Plaintiff to prevent Plaintiff from redressing his grievances. Here, Plaintiff has stated a Fourteenth Amendment due process claim for deprivation of property (Count Two).

Finally, Plaintiff claims that Defendants Jeanette Cowan, Hasemeyer, and Oakley are intentionally denying Plaintiff his right to redress grievances. Plaintiff's primary concern here seems to be that his incoming and outgoing mail is being "flagged". To the extent Plaintiff is attempting to state a claim about Menard's grievance procedure, it is dismissed with prejudice. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). These three Defendants are dismissed with prejudice.

## PENDING MOTIONS

Plaintiff has filed a "Judicial Notice" and request to include four new defendants in this case (Doc. 17). The Court construes this document as a motion to file an amended complaint. The motion (Doc. 17) is **DENIED**. Plaintiff has also filed a motion for status (Doc. 30). The motion for status (Doc. 30) is **DENIED**. The Clerk of the Court is **DIRECTED** to mail a copy of this Order along with a copy of the docket sheet to Plaintiff. Plaintiff has filed two motions seeking a preliminary injunction (Docs. 11, 29). These two motions will be set for a video conference hearing in an order to follow.

**DISPOSITION**

      **IT ORDERED** that the Clerk of Court shall prepare for Defendants **GODINEZ, BENTON, and ALLSUP** :  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      **IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

      **IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.

*See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: August 22, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge