IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDRICK WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-726-DGW |
| ) | |
| SALVADOR GODINEZ, KRISTA ALLSUP, ) | |
| SHERRY BENTON, ) | |
| ) | |
| Defendant. ) | |

# ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Judgment on the Pleadings filed by Defendants, Salvador Godinez, Krista Allsup, and Sherry Benton,[1] on March 29, 2013 (Doc. 52). For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff alleges that the above Defendants (in addition to a number of Defendants who have been dismissed from this lawsuit) engaged in various act from the date that he was incarcerated at Menard Correctional Center, January 5, 2009, that resulted in his assault by other inmates in 2011. Plaintiff's claims were screened pursuant to 28 U.S.C. § 1915A and the only counts that remain in this action are:

Count 1 – Failure to protect against Defendants Godinez and Benton

Count 2 – Due process claim for deprivation of property against Defendant Allsup.

Defendants filed a Motion for Judgment of the Pleadings on March 29, 2013 (Doc. 52). On May 23, 2013, Plaintiff was granted until July 8, 2013 to file a response (Doc. 55). No response has

---

[1] The Clerk of Court is **DIRECTED** to correct the docket sheet to reflect the true spelling of Defendants' names as listed in this Order.

been filed as of the date of this Order. Local Rule 7.1(c) provides that the failure to respond may, "in the Court's discretion, be considered an admission of the merits of the motion." The Court finds that Plaintiff's failure to respond is an admission of the merits of the Motion. Plaintiff did not file a timely response; when this Court highlighted this failure and granted Plaintiff additional time, he still did not respond. For this reason, and Plaintiff's failure to prosecute, the motion is **GRANTED.**

In any event, the merits of the Motion will be addressed.

## DISCUSSION

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings. Defendants are entitled to judgment: "Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are not material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). Thus, the same standard that is used to evaluate a motion for relief pursuant to Rule 12(b)(6) is used to determine whether Plaintiff has stated a claim for which relief may be granted.

On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at

2

555. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, a complaint must include sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Factual plausibility exists when a plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" a defendant's liability "stop short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 544 U.S. at 557).

### *Count 1 against Defendants Godinez and Benton*

Plaintiff alleges that both Godinez and Benton failed to protect him in violation of the Eighth Amendment. With respect to Defendant Godinez, Plaintiff alleges that:

> This defendant was advised of plaintiffs need for protective custody, and staffs retaliatory actions against plaintiff and on or about October 5, 2010 this defendant allowed plaintiff to be assaulted, and abussed [sic] by staff members (the defendants) when he being fully complized [sic] of all the facts related to plaintiffs assaults, and request for protective custody knowingly and intentionally denied plaintiff protective custody on or about October 5, 2010 . . . . (Doc. 12, p. 9)

With respect to Defendant Benton, Plaintiff alleges:

> Plaintiff was seen by the administrative review board official Sherry Benton,

3

> whose job and duties it is to investigate inmates need for protective custody and aprove [sic] placement in the protective custody housing unit on October 5, 2010 she denied plaintiff protective custody and on September 13, 2011 plaintiff was assaulted due to his crime . . . . (Doc. 12, p. 8)

> This defendant refussed [sic] to read, or look at Plaintiffs documentation which proved Defendnat Rodger Coman was trying to get Plaintiff assaulted, and written documentation that Plaintiff had been assaulted prior to the meeting on October 5, 2010 this defendant told plaintiff he is a big boy he can handle it. She was not going to approve him for protective custody, even though numerrous [sic] internal reports indicated staff had labled [sic] him a known informate [sic] and rapist . . . . (Doc. 12, p. 14)

In both instances, Plaintiff alleges that a supervisory official or reviewer denied him protection after being appraised of the circumstances of his situation. Defendants argue that such claims must fail because there is no allegation that either Defendant was personally involved in the deprivation. They cite to *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009), for the proposition that each Defendant cannot be faulted for performing their role and that not every person who knows of a prisoner's grievances can be found liable under § 1983. *Id*. at 595. While the Defendant in *Burks* had rejected a grievance concerning a medical matter because it was not filed within the time required, the principle would apply to the claims against Defendant Burton. Plaintiff's claim against Defendant Burton is that, notwithstanding the evidence he presented, she failed to grant his grievance and mandate that he be placed in protective custody. If Plaintiff's claim against Defendant Burton were to proceed, any prison official who rejects a grievance could be liable for damages under § 1983. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, the fact that Defendant Benton denied his grievance did not contribute to a failure to protect.

The same can be held with respect to Defendant Godinez, The Director of the Illinois

4

Department of Corrections. While it is true that "those charged with the high responsibility of running prisons are required as a matter of constitutionally imposed duty to, protect prisoners from violence at the hands of other prisoners," *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010), Plaintiff's claim that the Director would be required to review and approve/disapprove every request for protective custody and not delegate that task to personnel at the various prisons would run afoul of the holding in *Burks*. Plaintiff essentially asserts that this Defendant was informed of his need for protective custody but failed to provide such protection. There is no showing that Defendant Godinez impermissibly delegated this task to the administrators at the prison where Plaintiff was housed.

### *Count 2 against Defendant Allsup*

> Plaintiff alleges that Defendant Allsup lost various grievances:
>
> Plaintiff handed this defendant numerrous [sic] grievances, and when no response was heard on any of them he wrote 3 letters to this defendant asking about the grievances, this defendant ickowledged [sic] she had received the grievances, but could not locate them any longer. . . . She icknowledge [sic] she had lost them, (mysteriously) this was a knowing and deliberate attempt to prevent Plaintiff from redressing his grievances . . . . (Doc. 12, p. 13).

Defendants argue that Plaintiff cannot prevail on a due process claim with respect to lost property if there is an adequate state remedy. Defendant further argues that Plaintiff has no liberty interest in grievances and therefore cannot allege a due process claim regarding lost grievances.

Plaintiff's claims that his grievances were lost or stolen do not state a constitutional claim because prisoners have no liberty interest in the filing of grievances. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996). Plaintiff also has not alleged that his access to the courts has been infringed upon by the mishandling of his grievances. While Plaintiff states that Defendant Allsup's actions may have prevented redress of his grievances, there is no indication that Plaintiff

5

was subsequently incapable of filing this lawsuit or any other claim. In addition, *Hudson v. Palmer*, 468 U.S. 417 (1984), reaffirmed that negligent loss of property does not support a due process claim and further held that even intentional deprivations of property do not support a due process claim if there is an adequate state post-deprivation remedy. *Id*. at 533. Even if the grievances can be considered property, there is no allegation in the Complaint that Plaintiff lacked an adequate post-deprivation remedy. *See Doherty v. City of Chicago*, 75 F.3d 318, 322-23 (7th Cir. 1996). Therefore, this claim fails as a matter of law.

## CONCLUSION

Plaintiff has failed to prosecute this action and has not responded to Defendants' Motion for Judgment. For these, and the foregoing reasons, the Motion for Judgment on the Pleadings filed by Defendants on March 29, 2013 (Doc. 52) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 24, 2013**

                                      **DONALD G. WILKERSON**
                                      **United States Magistrate Judge**